**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4190**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM DAVID CLAPP, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:02-cr-00067-JPJ-1)

Submitted: September 6, 2018                    Decided: September 13, 2018

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William David Clapp pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Clapp to 180 months of imprisonment, followed by 5 years of supervised release. After Clapp was released from incarceration, the district court revoked his supervised release and sentenced him to 18 months of imprisonment, followed by 36 months of supervised release. Clapp appeals, arguing that the court abused its discretion in revoking his supervised release. Finding no error, we affirm.

We review the district court's revocation of supervised release for abuse of discretion, and the court's factual determinations underlying the conclusion that a violation occurred for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Upon finding a violation of a term of supervised release by a preponderance of the evidence, the court may revoke a term of supervised release and require the defendant to serve imprisonment for all or part of the term of supervised release authorized by the statute for the underlying offense. 18 U.S.C. § 3583(e)(3) (2012); *see United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). Prior to revoking supervised release and imposing a sentence, a court must consider some of the factors set forth in 18 U.S.C. § 3553(a) (2012). 18 U.S.C. § 3583(e).

Clapp argues that the court erred in determining that he possessed a firearm and that that possession violated three separate conditions of his supervised release, the most serious of those violations being a Grade B violation. *See U.S. Sentencing Guidelines Manual* § 7B1.1(a)(2) (2016). We have thoroughly reviewed the record, however, and

2

conclude that the district court did not clearly err in determining that the Government proved by a preponderance of the evidence that Clapp possessed a firearm and that such possession was a violation of the conditions of supervised release prohibiting him from possessing a firearm or dangerous weapon and prohibiting him from committing any federal, state, or local crimes. The court, therefore, did not abuse its discretion in revoking Clapp's supervised release.

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*